TOBIN & TOBIN
PAUL E. GASPARI, ESQ., SBN #76496
GREGORY J. RYKEN, ESQ., SBN # 058199
JOHN P. CHRISTIAN, ESQ., SBN # 111444
500 Sansome Street, 8th Floor
San Francisco, CA 94111-3211
Telephone:    (415) 433-1400
Facsimile:    (415) 433-3883
Email:   pgaspari@tobinlaw.com
         jchristian@tobinlaw.com
         dzamora@tobinlaw.com

Attorneys for Plaintiff,
BETTER HOMES REALTY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER HOMES REALTY, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE VECCHIO, VRI REALTY, INC., <br><br> Defendants. | CASE No. C07 3058 PJH <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> CMC:    February 7, 2008 <br> Time:    2:30 p.m. <br> Location: Courtroom 2 <br><br> The Honorable Phyllis J. Hamilton |

- 1 -
JOINT CASE MANAGEMENT STATEMENT

The Parties hereby submit their joint Case Management Conference. The parties are pleased to inform the court that a settlement has been reached and that the settlement documentation in this case is nearly completed.

## DESCRIPTION OF CASE

**1.    Jurisdiction and Service:**

This is an action for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15. U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for Unfair Business Practice arising under California Business and Professions Code § 17200 *et seq.*; for common law unfair competition and for injury to business reputation.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

This Court has personal jurisdiction over the Defendants because Defendants have solicited business within the State of California allegedly utilizing Plaintiff's mark and unfairly competed with Plaintiff in the State of California.

All parties have been served and have appeared.

**2.    Facts:**

As alleged in the Complaint, BHR is engaged in the real estate brokerage franchising business under the names "BETTER HOMES" and "BETTER HOMES REALTY". BHR has been continuously engaged in this business using such marks since 1964 in the United States.

Plaintiff registered the BETTER HOMES REALTY AND DESIGN mark with the United

States Patent and Trademark Office (the "PTO") on June 25, 1985. The registration was renewed on January 27, 2005 and remains in effect until the next renewal date of June 25, 2015.

Commencing on or about June 2006, Defendants solicited realtors and customers to its "National Real Estate Company" under the names Better Homes USA, BetterHomesUSA.com, betterhomesnj.com, betterhomesrealty.com, betterhomesforall.com and Better Homes by Owner and other similarly sounding names.

Plaintiff alleges that Defendants' use of "BETTER HOMES" in its promotion and advertising constitutes the use in commerce of a colorable imitation, copy and reproduction of Plaintiff's service mark. Upon information and belief, the marks share an identical sight and sound and a strong similarity of meaning. Defendants' use of BETTER HOMES is deceptively and confusingly similar to Plaintiff's long-standing trademark. Plaintiff further alleges that Defendants' use of Plaintiff's mark is likely to cause confusion, mistake, or deception in the minds of the public.

On October 26, 2006, Plaintiff demanded that Defendants cease all use of the BETTER HOMES REALTY trade name and service marks.

3.      **The principle legal issues which the parties dispute:**

The parties dispute whether VECCHIO's use of the "Better Homes Realty" mark is authorized or permissible.

4.      **Motions:**

There have been no prior motions. None are pending or anticipated, in light of the pending settlement agreement.

5.  **Amendment of Pleadings:**

The parties do not expect any parties, claims or defenses to be added or dismissed.

6.  **Evidence Preservation:**

The parties are cooperating in the preservation of evidence.

7.  **Disclosures:**

The parties have agreed to make their initial disclosures by February 14, 2008.

8.  **Discovery:**

The parties, in light of the immediate commencement of settlement discussions, had previously discussed that this case may not require much discovery. With the documentation of a definitive settlement agreement at hand, the parties do not anticipate engaging in any discovery proceedings.

9.  **Class Actions:**

This is not a class action.

10. **Related Cases:**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief:**

The Complaint seeks injunctive relief, an accounting, and unspecified damages. The parties have negotiated a settlement.

**12. Settlement and ADR:**

The parties have negotiated a settlement. Following an extensive conference call on January 29, 2008, it is collectively anticipated that final settlement documentation will be executed sometime in February, 2008.

**13. Consent to Magistrate Judge For All Purposes:**

The Parties do not consent to assignment of this case to a United States Magistrate Judge.

**14. Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**:

By virtue of the pending settlement, the parties believe they have narrowed all material issues by agreement and will not request bifurcation of issues, claims or defenses.

**16. Expedited Schedule:**

Anticipating final settlement documentation to be executed sometime in February, 2008, the parties believe an expedited schedule would be unnecessary.

**17. Scheduling:**

The parties suggest that, in light of the pending settlement, dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial will be unnecessary. Should settlement not be consummated for any reason, the parties request for months for the completion of all discovery.

**18. Trial:**

The parties suggest that, in light of the pending settlement, trial will be unnecessary.

**19.    Disclosure of Non-party Interested Entities or Persons:**

In light of the pending settlement and dismissal, the parties have not filed the "Certificate of Interested Entities or Persons."

Dated: January 31, 2008                    TOBIN & TOBIN

                                           By: _____
                                               John P. Christian, SBN 111444
                                           Attorneys for Plaintiff BETTER HOMES REALTY,
                                           INC., a California Corporation


Dated: January 31, 2008                    KRIEG, KELLER, et al.

                                           By: _____
                                               Tracy Clements, SBN 184150
                                           Attorneys for Defendants LAWRENCE VECCHIO and
                                           VRI REALTY, INC.

H:\PEG\Better Homes Realty\Joint Case Management Statement.doc

- 6 -
JOINT CASE MANAGEMENT STATEMENT

19. **Disclosure of Non-party Interested Entities or Persons:**

In light of the pending settlement and dismissal, the parties have not filed the "Certificate of Interested Entities or Persons."

Dated: January 31, 2008

TOBIN & TOBIN

By:_____
John P. Christian, SBN 111444
Attorneys for Plaintiff BETTER HOMES REALTY, INC., a California Corporation

Dated: January 31, 2008

KRIEG, KELLER, et al.

By:_____
Tracy Clements, SBN 184150
Attorneys for Defendants LAWRENCE VECCHIO and VRI REALTY, INC.

H:\PEG\Better Homes Realty\Joint Case Management Statement.doc

PROOF OF SERVICE

CASE NAME:     <u>Better Homes Realty, Inc. v. Lawrence Vecchio, et al.</u>
COURT:         United States District Court, Northern District of California
CASE NO.:      C07 3058 HRL

I, Glenda Broome, declare:

I am over the age of eighteen years and not a party to the cause. I am employed by the law firm of Tobin & Tobin, 500 Sansome Street, 8th Floor, San Francisco, California 94111-3211.

On January 31, 2008, I served the documents described as: **JOINT CASE MANAGEMENT STATEMENT** on the parties in this matter by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Gregg A. Paradise, Esq.<br>Lerner, David, Littenberg, Krumholz & Mentlik, LLP<br>600 South Avenue West<br>Westfield, New Jersey 07090<br>Tel: (908) 654-5000<br>Fax: (908) 654-7866<br>*Attorneys for Defendants Lawrence Vecchio and VRI Realty, Inc.* | Tracy Clements Esq.<br>Krieg Keller, et al., LLP<br>114 Sansome Street, Floor 4<br>San Francisco, California 94104-3803<br>Tel: (415) 249-8330<br>Fax: (415) 249-8333<br>*Attorneys for Defendants Lawrence Vecchio and VRI Realty, Inc.* |

Service of the above document(s) was effectuated by the following means of service:

XX  **By First Class Mail** -- I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. It is deposited with the United States Postal Service in the ordinary course of business on the same day it is processed for mailing. I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

XX  **Federal Court** -- I declare under penalty of perjury that the foregoing is true and correct and that service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to the cause.

Executed this January 31, 2008, at San Francisco, California.

*/s/ Glenda Broome*
Glenda Broome